JUDGE HELLERSTEIN

13 CIV 8664

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.:
RINALDO RIZZO,

                                  Plaintiff,                    **COMPLAINT**

                   -against-

DF LAND LLC, GLENN DUBIN, *Individually*, EVA      **PLAINTIFF DEMANDS**
DUBIN, *Individually*, and BRENDA AMES, *Individually*,   **A TRIAL BY JURY**

                              Defendants.
------------------------------------------------------------------X

*RECEIVED DEC 06 2013 U.S.D.C. S.D.N.Y. CASHIERS*

        Plaintiff, RINALDO RIZZO, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, upon information and belief, complains as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants pursuant to the <u>Americans with Disabilities Act of 1990</u>, 42 U.S.C. § 12101, *et seq.* ("ADA") and the <u>New York City Human Rights Law</u>, the New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL") and seeks damages to redress the injuries Plaintiff has suffered as a result of being **Discriminated against** and **Terminated** by his employer solely due to his **Disability (Sacroilitis)** and his **Association with his Disabled Wife.**

2. Plaintiff also brings this action against Defendants pursuant to the <u>Fair Labor Standards Act</u>, 29 U.S.C. §201 *et seq.* ("FLSA") the <u>New York State Labor Law, Articles 5, 6 & 19</u> ("NYLL") for failure to pay wages due and owed for hours worked in excess of forty (40) hours per workweek, and seeks to recover unpaid back wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs. **Defendants required Plaintiff to work more than forty (40) hours a week, but failed to pay him overtime wages for any**

**of the hours he worked over forty (40) per week.**

## JURISDICTION

3. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216 (b)), 42 U.S.C. §12101 *et. seq.*, and 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over Plaintiff's city law claims pursuant to 28 U.S.C. §1367 as such claims are derived from the same case or controversy and share a common nucleus of operative fact.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this Complaint occurred in this district.

## PROCEDURAL PREREQUISITES

6. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue from the EEOC, dated October 29, 2013, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

8. This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

9. At all times relevant hereto, Plaintiff RINALDO RIZZO ("RIZZO") was a resident of the State of New York and County of Westchester.

10. At all times relevant hereto, Defendant DF LAND LLC ("DFL") was a domestic limited liability company duly authorized and existing by virtue of the laws of the State of New York, with its principal place of business at 40 West 57th Street, 33rd Floor, New York, New York 10019.

11. That at all times relevant hereto, Defendant DFL owned and/or operated a number of properties, including: 9 Turkey Hill Road, North Salem, New York 10560 (hereinafter "North Salem Property"), 1090 North Lake Way, Palm Beach, Florida 33480 (hereinafter "Palm Beach Property"), 11521 Country Road 730, Gunnison, Colorado 81230 (hereinafter "Castleton Ranch"), and 1040 5th Avenue, Apartment 15B, New York, NY 10028 (hereinafter "New York City Property")(collectively the "Properties").

12. That at all times relevant hereto, upon information and belief, Defendant GLENN DUBIN ("GLENN") was and is a resident of the State of New York.

13. That at all times relevant hereto, Defendant GLENN was and is an "Owner" of Defendant DFL.

14. That at all times relevant hereto, Defendant GLENN was Plaintiff RIZZO'S supervisor and had supervisory authority over Plaintiff RIZZO.

15. That at all times relevant hereto, upon information and belief, Defendant EVA DUBIN ("EVA") was and is a resident of the State of New York.

16. That at all times relevant hereto, Defendant EVA was and is an "Owner" of Defendant DFL.

17. That at all times relevant hereto, Defendant EVA was Plaintiff RIZZO's supervisor and had supervisory authority over Plaintiff RIZZO.

18. That at all times relevant hereto, upon information and belief, Defendant BRENDA AMES ("AMES") was and is a resident of the State of Connecticut.

19. That at all times relevant hereto, Defendant AMES was and is an employee of Defendant DFL, holding the position of "Family Office Manager" for the Properties.

20. That at all times relevant hereto, Defendant AMES was Plaintiff RIZZO's supervisor and had supervisory authority over Plaintiff RIZZO.

21. At all times relevant hereto, Defendant DFL, Defendant GLENN, Defendant EVA, and Defendant AMES are collectively referred to herein as "Defendants."

22. That at all times relevant hereto, Plaintiff RIZZO was a full-time employee of Defendants and worked primarily in the New York City Property and at the North Salem Property completing sundry domestic tasks for Defendants.

23. At all times relevant hereto, Defendants had the power to, and were responsible for, determining the wages to be paid to Plaintiff RIZZO.

24. At all times relevant hereto, Defendants had the power to, and did in fact, establish the terms of Plaintiff RIZZO's employment, including Plaintiff RIZZO's schedule and rate of pay.

25. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, all Defendants are liable as "employers" under the FLSA.

26. Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

27. At all times material, Defendants did, and continue to do, substantial business in New York, and engage in commerce or the production of goods for commerce within the meaning of the FLSA.

28. Upon information and belief, for each of the three (3) years preceding the filing of the initial complaint herein, Defendants have employed two (2) or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

29. Upon information and belief, Defendants handled more than $500,000.00 in the past fiscal

4

year.

## **MATERIAL FACTS**

30. On or about December 17, 2011, Plaintiff RIZZO began working for Defendants as the "Estate Manager" of Defendants' North Salem Property, earning approximately $102,000.00 per year.

31. At all times relevant hereto, the work performed by Plaintiff RIZZO required no capital investment.

32. At all times relevant hereto, Plaintiff RIZZO did not have any supervisory or managerial responsibilities.

33. Plaintiff RIZZO performed his duties in an exemplary fashion, always received compliments for his work, and was never disciplined for failing to perform his duties.

### Unpaid Overtime Compensation

34. Prior to being hired, Defendants explicitly described to Plaintiff RIZZO that his duties would include the monitoring of the North Salem Real Property, the fixtures located thereon, as well as Defendants' personal property kept therein. Notably, the position as described also included the supervision of domestic staff and the management of staff schedules. Lastly, Defendants informed Plaintiff RIZZO that he would also be responsible for sundry repair and maintenance work and further assisting the family when they were on the property.

35. However, upon being hired, Plaintiff RIZZO soon learned that his duties were quite different than those that had been described to him beforehand. **Plaintiff RIZZO learned that he did not have any supervisory or managerial responsibilities**, would be working a majority of his time at the New York City Property, did not have any staff to manage and, in

spite of his formal title, was expected to perform all of the domestic duties of his non-existent staff.

36. In fact, Plaintiff RIZZO's actual responsibilities included, but were not limited to, cooking, cleaning, chauffeuring the children, tutoring, babysitting, and travelling with the family to other properties. Plaintiff RIZZO was instructed to be "flexible" in his duties, and frequently filled shortfalls in other positions, including bartending and serving at private functions.

37. Moreover, Defendants notified Plaintiff RIZZO that his duties were not geographically limited to Defendants' New York City Property and North Salem Property, but would extend to various vacation properties as required by the family.

38. In or about March 2012, Defendant AMES clarified Plaintiff RIZZO's job responsibilities, stating that Plaintiff RIZZO should not be meeting and managing other employees, but should merely be a communicator of messages from Defendant GLENN.

39. As Plaintiff RIZZO was thus a **non-exempt employee**, he should have been paid time-and-a-half his regular hourly rate for all hours of overtime that he worked.

40. Nevertheless, Defendants wrongfully categorized Plaintiff RIZZO as a "Manager" for the sole purpose of erroneously and illegally depriving him of earned overtime compensation.

41. Throughout Plaintiff RIZZO's time with Defendants, Defendants required him to regularly work approximately sixty-five (65) hours per workweek.

42. However, although Defendants required Plaintiff RIZZO to work more than forty (40) hours a week, **Defendants willfully failed to compensate Plaintiff RIZZO at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week,** in violation of the FLSA and the NYLL.

43. In fact, regardless of the number of hours worked each week, Defendants always paid Plaintiff RIZZO the same amount, $4,166.67 semi-monthly.

44. On or about January 15, 2013, Plaintiff RIZZO requested to Defendant AMES that he be compensated for the overtime hours he had worked and not been compensated for, a total of over one thousand four hundred (1,400) hours of overtime calculated based on a sixty-five (65) hour work week.

45. In fact, from on or about December 17, 2011 through on or about February 18, 2013, although Plaintiff RIZZO worked at least one thousand five hundred fifty (1,525) hours of overtime, **Defendants failed to properly compensate Plaintiff RIZZO** for each of these hours (based on a 65 hour workweek).

46. Defendants violated the FLSA and the NYLL by not paying Plaintiff RIZZO for overtime work as required.

47. Defendants' failure to pay Plaintiff RIZZO the proper overtime wages required by law was and is willful.

### Disability/Associational Disability Discrimination

48. While Defendants were always happy with Plaintiff RIZZO's excellent work product and diligent work ethic, upon learning that Plaintiff RIZZO was disabled and was married to a disabled woman, Defendants immediately began to discriminate against him, ultimately resulting in the unlawful termination of his employment.

49. By way of background, on or about December 28, 2011, Plaintiff RIZZO injured his back in a car accident, and on or about January 10, 2012, Plaintiff RIZZO was diagnosed with a **disk bulge at L4 and L5**, for which he started therapy under his employee Aetna Health Insurance Plan.

7

50. On or about February 18, 2013, Plaintiff RIZZO informed Defendant GLENN that his wife suffers from a thyroid condition and, at the time, was expected to require surgery and radiation. Plaintiff RIZZO further explained that, should his wife's condition deteriorate, he might have to use some of his vacation time to assist her with her recovery. Defendant DUBIN agreed to this arrangement. This was the first occasion Plaintiff RIZZO informed Defendant AMES of his wife's illness.

51. On or about February 19, 2013, Plaintiff RIZZO emailed Defendant AMES to summarize his discussion with Defendant GLENN, reiterating that he may have to use some of his vacation time should his wife's health deteriorate.

52. On or about February 20, 2013, Plaintiff RIZZO sent an email to both Defendant GLENN and Defendant AMES stating that, due to unforeseeable complications related to his wife's surgery, the procedure was being postponed, and as a result, Plaintiff RIZZO would not have to take any time off.

53. Also on or about February 20, 2013, Plaintiff RIZZO slipped and fell on an icy patch outside of his house, greatly aggravating his previous back injury. Plaintiff RIZZO immediately felt such overwhelming pain that he could not stand and was unable to even move his right leg.

54. As such, on or about February 21, 2013, Plaintiff RIZZO was examined by Dr. Stacy Spivac-Gross, and on or about February 25, 2013, Dr. Gross diagnosed Plaintiff RIZZO with a new lumbar disc protrusion, as well as **Sacroilitis**, a chronic inflammation in the spine.

55. Furthermore, also on or about February 25, 2013, pursuant to Dr. Gross's instructions, Plaintiff RIZZO requested from Defendants a week-long medical leave of absence as a **reasonable accommodation** for his disability, which he subsequently requested for two additional weeks thereafter. Defendants granted Plaintiff RIZZO's request for this

accommodation, but informed him after the third week that he would no longer be paid for his medical leave.

56. Accordingly, on or about March 13, 2013, Plaintiff RIZZO informed Defendant AMES that he could return to work on March 15, 2013, but again requested that, pursuant to Dr. Gross's instructions, he be allowed to refrain from lifting heavy objects and refrain from engaging in repetitive bending or climbing. Plaintiff RIZZO was requesting only a minor accommodation for his disability.

57. Defendants refused to allow Plaintiff RIZZO to travel with the family, which he otherwise would have done, and also refused to give Plaintiff RIZZO any instructions on his subsequent job duties. As such, Plaintiff RIZZO resumed what were previously his job responsibilities at the North Salem property until April 5, 2013.

58. In fact, the only correspondence Plaintiff RIZZO received from Defendants after his request for an accommodation was on April 5, 2013 when Defendant AMES sent Plaintiff RIZZO a text message instructing him to attend a meeting at Defendants' North Salem Property at 10:00 am that same day.

59. On or about April 5, 2013, when Plaintiff RIZZO arrived at Defendants' North Salem Property, without any warning, **Defendant AMES suddenly terminated Plaintiff RIZZO's employment "due to his wife's health."**

60. Defendants were thus **admitting** that they terminated Plaintiff RIZZO's employment at least in part due to his association with his disabled wife, in violation of the ADA, the NYSHRL, and the NYCHRL.

61. Based on Defendants' suspicious reason for termination, it is clear that Defendants discriminated against, and terminated the employment of, Plaintiff RIZZO due to his

9

disability, his association with his disabled wife, and in retaliation for requesting a reasonable accommodation.

62. Upon information and belief, Defendants had previously terminated at least one (1) other employee, Elizabeth Oselton, after she broke her leg in seven (7) places, and returned to work with a disability.

63. **Rather than continuing to accommodate Plaintiff RIZZO's disability and allowing him to tend to his disabled wife, Defendants figured it was easier to simply terminate Plaintiff RIZZO's employment.**

64. Furthermore, Defendants never even attempted to engage in any interactive process to try and figure out a way to accommodate Plaintiff RIZZO's disability or his need to tend to his disabled wife in a way that would enable him to continue his employment with Defendants.

65. Upon information and belief, Defendants were also apprehensive about keeping Plaintiff RIZZO as an employee due to the potential medical costs associated with Plaintiff RIZZO's wife's disability and due to potential future doctors' appointments and future accommodations for his own disability.

66. Defendants also clearly but falsely believed that Plaintiff RIZZO's disability and/or his wife's disability would interfere with Plaintiff RIZZO's ability to perform his job duties in the future.

67. Plaintiff RIZZO's condition is an impairment that substantially limits one or more of his major life activities within the meaning of §12102(1)(A) of the ADA.

68. Plaintiff RIZZO is a qualified individual who can perform the essential functions of his employment with a reasonable accommodation as defined by §12111(8) of the ADA.

69. **But for the fact that Plaintiff RIZZO was disabled, was married to a disabled woman,**

**and had requested a reasonable accommodation for his disability, Defendants would not have terminated his employment.**

70. Plaintiff RIZZO feels offended, disturbed, and humiliated by the blatantly unlawful, discriminatory, and retaliatory termination.

71. Plaintiff RIZZO's performance was, upon information and belief, above average during the course of his employment with Defendants.

72. **Defendants' actions and conduct were intentional and intended to harm Plaintiff RIZZO.**

73. As a result of Defendants' actions, Plaintiff RIZZO feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

74. As a result of Defendants' discriminatory treatment of Plaintiff RIZZO, he has suffered severe emotional distress and physical ailments.

75. As a result of the acts and conduct complained of herein, Plaintiff RIZZO has suffered and will continue to suffer the loss of a salary, overtime payments, bonuses, benefits and other compensation which such employment entails, and Plaintiff RIZZO has also suffered future pecuniary losses.

76. Plaintiff RIZZO also claims liquidated damages and attorneys' fees.

77. As a result of the above, Plaintiff RIZZO has been damaged in an amount in excess of the jurisdiction of the Court.

78. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff RIZZO demands Punitive Damages as against all the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## <u>OVERTIME</u>

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

80. Defendants willfully employed Plaintiff in the afore-mentioned enterprise for workweeks longer than forty (40) hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which his was employed.

81. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201 et seq. and its implementing regulations.

82. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA, was a direct violation of the FLSA, specifically 29 U.S.C. §207.

83. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

84. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW
## <u>OVERTIME</u>

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

86. Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

87. Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL §170.

88. Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

89. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

90. Defendants' failure to pay proper overtime wages was willful.

91. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to NYLL §§ 198 and 663(1).

**AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE AMERICANS WITH DISABILITIES ACT
(Not Against Individual Defendants)**

92. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

93. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

94. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

95. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

96. As such, Plaintiff has been damaged as set forth herein.

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION
### UNDER THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual Defendants)

97. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

98. The ADA prohibits retaliation, interference, coercion, or intimidation.

99. 42 U.S.C. § 12203 provides:

   i. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
   ii. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

100. Defendants violated this section as set forth herein.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual Defendants)

101. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

102. The ADA prohibits discrimination based upon an individual's association or relationship with another disabled individual.

103. 42 U.S.C. § 12112 (b)(4) provides:

   a. As used in subsection (a) of this section, the term "discrimination against a qualified individual on the basis of disability" includes—excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a

14

relationship or association.

104. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his association with his disabled wife.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

105. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

106. The Administrative Code of City of NY § 8-107 [1] provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

107. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his disability.

### AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

108. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

109. The Administrative Code of City of NY § 8-107(20) provides that it shall be an unlawful discriminatory practice for an employer to discriminate "against a person because of the actual or perceived ... disability ... of a person with whom such person has a known relationship or association."

110. Defendants violated the section cited herein by discriminating against Plaintiff due to his

association with his disabled wife.

### AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

111. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

112. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

113. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

114. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

115. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

1. the employee or agent exercised managerial or supervisory responsibility; or
2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

116. Defendants violated the section cited herein as set forth.

## JURY DEMAND

117. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants violated the FLSA and the NYLL;

B. Declaring that Defendants' violations of wage and overtime wage protections were willful;

C. Granting judgment to Plaintiff for his claims for unpaid wages as secured by the FLSA as well as an equal amount in liquidated damages, and awarding Plaintiffs costs, expenses, and reasonable attorneys' fees;

D. Granting judgment to Plaintiff for his claims for unpaid wages as secured by the NYLL, as well as an equal amount in liquidated damages and interest, and awarding Plaintiffs costs, expenses, and reasonable attorneys' fees;

E. Declaring that Defendants engaged in unlawful employment practices prohibited by the Americans with Disabilities Act and the New York City Human Rights Law, in that Defendants discriminated against Plaintiff on the basis of his disability and his associational disability;

F. Awarding damages to the Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

G. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

H. Awarding Plaintiff punitive damages;

I. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

J. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
November 29, 2013

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

                                        _____
                                        Edward Kennedy, Esq.
                                        Jesse C. Rose, Esq.
                                            Of Counsel
                                        *Attorneys for Plaintiffs*
                                        45 Broadway, Suite 620
                                        New York, NY 10006
                                        212-248-7431
                                        ekennedy@tpglaws.com
                                        jrose@tpglaws.com