UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RINALDO RIZZO,

                Plaintiff,

      -against-

DF LAND LLC, GLENN DUBIN,
Individually, EVA DUBIN, Individually,
and BRENDA AMES, Individually,

                Defendants.

Case No. 13 Civ. 8664

---

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

 

VEDDER PRICE P.C.
Lyle S. Zuckerman
Michelle D. Velasquez
l633 Broadway, 47th Floor
New York, New York 10019
Tel: (212) 407-7700
Fax: (212) 407-7799

NEWYORK/#340895.2

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

I. PLAINTIFF'S ADA CLAIM MUST BE DISMISSED  BECAUSE DF LAND IS NOT A "COVERED ENTITY" .................................................................................... 3

II. PLAINTIFF'S FAIR LABOR STANDARDS ACT CLAIM MUST BE DISMISSED .................................................................................................................... 4

      1. Plaintiff Alleges That He Is a Domestic Service Employee and Thus Exempt from the FLSA Overtime Wage Requirements ................... 5

      2. If Plaintiff is not an Exempt Domestic Service Worker,  There is No Jurisdictional Basis For His FLSA Claim ........................................... 6

      3. Plaintiff Fails to Plead Adequate Facts to Support a FLSA Claim ............ 7

III. THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION  OVER THE STATE AND CITY LAW CLAIMS ....................................................... 8

IV. PLAINTIFF'S NYLL OVERTIME CLAIM MUST BE DISMISSED AS A MATTER OF LAW ................................................................................................... 9

CONCLUSION ............................................................................................................................. 11

## TABLE OF AUTHORITIES

Page

**CASES**

*Adler v. Anchose Funding Servs., LLC*,
  No. 3:10 Civ. 515, 2011 U.S. Dist. LEXIS 52329 (W.D.N.C. May 16, 2011) .......................... 3

*Almeida v. Aguinaga*,
  500 F.Supp. 2d 366 (S.D.N.Y. 2007) ...................................................................................... 10

*Ballard v. Cmty Home Care Referral Serv., Inc.*,
  264 A.D.2d 747 (2nd Dep't 1999) ............................................................................................ 10

*Boekemeier v. Fourth Universalist Soc'y in the City of New York*,
  86 F. Supp. 2d 280 (S.D.N.Y. 2000) ......................................................................................... 7

*Bondar v. LaSplash Cosmetics*,
  No. 12-Civ-1417 (S.D.N.Y. Dec. 11, 2012) .............................................................................. 2

*Bustillos v. Academy Bus, LLC*,
  No. 13 civ. 565 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014) ............................ 7, 8, 9

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988) ................................................................................................................... 8

*DeJesus v. HF Mgmt. Servs.*,
  726 F.3d 85 (2d Cir. 2013) .................................................................................................... 7, 8

*Dreher v. Doherty*,
  No. 12-cv-4251, 2013 U.S. Dist. LEXIS 69414 ........................................................................ 9

*Fitzgibbons v. Putnam Dental Assocs.*,
  368 F. Supp. 2d 339 (S.D.N.Y. 2005) ....................................................................................... 3

*Ganthier v. North Shore-Long Island Jewish Health*,
  298 F. Supp. 2d 342 (E.D.N.Y. 2004) ....................................................................................... 4

*Jones v. Karnick, Inc.*,
  No. 8:11 civ. 1554, 2012 U.S. Dist. LEXIS 972 (D.S.C. Jan. 3, 2012) ..................................... 3

*L-7 Designs, Inc. v. Old Navy, LLC*,
  647 F.3d 419 (2d Cir. 2011) ...................................................................................................... 2

*Locke v. St. Augustine's Episcopal Church*,
  690 F. Supp. 2d 77 (E.D.N.Y. 2010) ......................................................................................... 6

*Lundy v. Catholic Health System of Long Island*,
  711 F.3d 106 (2d Cir. 2013) .................................................................................................. 7, 8

# TABLE OF AUTHORITIES
(continued)

**Page**

*Manliguez v. Joseph*,
   226 F. Supp. 2d 377 (E.D.N.Y. 2002) .................................................................................. 9

*McNally v. Yarnall*,
   764 F. Supp. 853 (S.D.N.Y. 1991) ....................................................................................... 4

*Mohan v. La Rue Distributor's Inc.*,
   No. 06-Civ-621, 2007 WL 3232225 (E.D.N.Y. Oct. 31, 2007) .................................................. 3

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
   723 F.3d 192 (2d Cir. 2013) ........................................................................................... 7, 8

*Yang Li v. Ya Yi Cheng*,
   10 CV 4664, 2012 WL 1004854 (E.D.N.Y. Jan. 6, 2012) .................................................. 6, 8, 9

**S**TATUTES

28 U.S.C. § 1331 ................................................................................................................... 8

28 U.S.C. § 1367 ................................................................................................................... 8

29 U.S.C. § 201 ..................................................................................................................... 8

29 U.S.C. § 203(s)(1)(A)(i)–(ii) ......................................................................................... 4, 6

29 U.S.C. § 207(l) ................................................................................................................. 5

29 U.S.C. § 213(b)(21) ......................................................................................................... 5

42 U.S.C. § 12101 ................................................................................................................. 8

42 U.S.C. § 12111(2) ............................................................................................................ 3

42 U.S.C. § 12111(5)(A) ....................................................................................................... 3

42 U.S.C. § 12112 ................................................................................................................. 3

# TABLE OF AUTHORITIES
(continued)

**Page**

**REGULATIONS**

12 N.Y.C.R.R. § 142-2.2 ............................................................................................................. 10

12 N.Y.C.R.R. §§ 142-2.1 - 142-2.2............................................................................................ 10

29 C.F.R. § 522.3 (2014) ............................................................................................................... 5

**PRELIMINARY STATEMENT**

Defendants DF Land LLC ("DF Land"), Glenn Dubin, Eva Dubin, and Brenda Ames (collectively, the "Defendants"), by their attorneys, submit this Memorandum of Law in support of their motion pursuant to Federal Rules of Civil Procedure 12(c) to dismiss the complaint ("Complaint") of Plaintiff Rinaldo Rizzo ("Plaintiff").  Plaintiff, a former employee of DF Land, commenced the instant action alleging that he was unlawfully discharged because of disability, and that he is owed overtime wages for all hours worked in excess of 40 per week during his employment.

Plaintiff's claims for disability discrimination under the Americans with Disabilities Act ("ADA") must be dismissed because Plaintiff fails to allege that DF Land employs 15 or more employees (which it does not), and thus DF Land is not alleged to be covered by the ADA. Plaintiff's claim for overtime wages under the Fair Labor Standards Act ("FLSA") must be dismissed because the Complaint concedes that he was employed as a "domestic service worker" who is *exempt* from the overtime wage provisions of the FLSA.  If, in response to this motion, Plaintiff disputes that he is a "domestic service worker," then his federal overtime wage claims must be dismissed because Plaintiff is not a covered employee under the FLSA as DF Land is not an enterprise in interstate commerce with gross annual sales in excess of $500,000, and thus, the Court lacks subject matter jurisdiction over his claim.

Upon dismissal of these federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state and city law claims.  If the Court exercises supplemental jurisdiction, Plaintiff's New York Labor Law claim must be dismissed because the Complaint concedes that he was paid all wages due under state law.

## BACKGROUND

Defendant DF Land is a New York limited liability company which holds and manages real property for the benefit of Defendants Glenn and Eva Dubin.[1] (Compl. ¶¶ 11, 13, 16.) As DF Land does not transact business in the traditional sense, it had only approximately $18,600 in gross revenue in 2012, and approximately $3,100 in 2013. (Answer ¶ 29.)[2] DF Land employed nine persons in 2012 and eight persons in 2013. (Answer ¶ 28.)

In December 2011, DF Land offered Plaintiff a position as Estate Manager at a salary of $100,000.[3] (Complaint ¶ 30; Answer ¶ 30.) Plaintiff accepted the position and began working for DF Land on or around December 17, 2011. (Complaint ¶ 30.) Throughout Plaintiff's employment, he and his family resided on DF Land property. (Answer ¶ 30.) Plaintiff claims that his job duties consisted of cooking, cleaning, chauffeuring the Dubins' children, tutoring, babysitting, serving private parties, and travelling with the Dubin family. (Compl. ¶¶ 35-36.) Plaintiff further claims that he did not have any supervisory or managerial responsibilities for DF Land, and that he worked approximately 65 hours per week. (Compl. ¶¶ 35, 41.)

Plaintiff alleges that he should have been classified as non-exempt under the Fair Labor Standards Act (and New York Labor Law), and thus DF Land should have paid him overtime wages for all hours worked in a week in excess of 40. (Compl. ¶¶ 41, 42.) Plaintiff further alleges that he was discharged from DF Land on or about April 5, 2013 because of his

---

[1] Defendant Brenda Ames was Plaintiff's supervisor. (Compl. ¶ 20.)

[2] " On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011) (finding it proper to consider emails attached to Defendant's answer on a 12(c) motion); *See also Bondar v. LaSplash Cosmetics*, No. 12-Civ-1417 (S.D.N.Y. Dec. 11, 2012) (on a 12(c) motion considering documents attached to Defendant's Answer).

[3] Plaintiff's regular salary throughout his employment was $100,000, and he received a $2,000 bonus in December 2012 bringing his total compensation in 2012 to $102,000.

association with his disabled wife. (Compl. ¶ 60.) Accordingly, he asserts claims under the American with Disabilities Act and New York City Administrative Code for disability discrimination.

## ARGUMENT

### I. PLAINTIFF'S ADA CLAIM MUST BE DISMISSED BECAUSE DF LAND IS NOT A "COVERED ENTITY"

Plaintiff's claims alleging disability discrimination under the ADA must be dismissed because DF Land is not properly alleged to be (and is not) a "covered entity" under the ADA.

Section 102 of the ADA provides that "[n]o *covered entity* shall discriminate against a qualified individual on the basis of a disability" with respect to employment. 42 U.S.C. § 12112 (2014) (emphasis supplied). The ADA defines a "covered entity" as an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). DF Land is alleged to be an employer, but the ADA further defines "employer" as a "person engaged in an industry affecting commerce who has 15 or more employees." 42 U.S.C. § 12111(5)(A). Where a complaint fails to plead that an employer employs at least 15 individuals, the ADA claim must be dismissed. *See Mohan v. La Rue Distributor's Inc.*, No. 06-Civ-621, 2007 WL 3232225 (E.D.N.Y. Oct. 31, 2007) (dismissing ADA claim for failure to plead employee numerosity requirement); *Adler v. Anchose Funding Servs., LLC*, No. 3:10 Civ. 515, 2011 U.S. Dist. LEXIS 52329 (W.D.N.C. May 16, 2011) (same); *Jones v. Karnick, Inc.*, No. 8:11 civ. 1554, 2012 U.S. Dist. LEXIS 972 (D.S.C. Jan. 3, 2012) (dismissing Title VII and ADEA action for failure to plead employee numerosity requirement); *See also Fitzgibbons v. Putnam Dental Assocs.*, 368 F. Supp. 2d 339, 344-45 (S.D.N.Y. 2005).

Here, the Complaint is devoid of allegations that Defendant DF Land employed 15 or more persons at any given time during Plaintiff's employment (or ever). To the contrary,

Plaintiff alleges only that "Defendants have employed *two (2)* or more individuals" during relevant periods. (Compl. ¶ 28.)  In fact, DF Land employed no more than 9 persons during Plaintiff's employment. (Answer ¶ 28.)  Accordingly, Defendant DF Land is not alleged to be (and is not) a "covered entity" under the ADA, and thus this claim must be dismissed.  Such dismissal, moreover, should be *with prejudice*, as it would be futile for Plaintiff re-plead in the face of irrefutable evidence that DF Land does not employ 15 individuals.  *Ganthier v. North Shore-Long Island Jewish Health*, 298 F. Supp. 2d 342, 350 (denying leave to amend because the "proposed amended complaint would be subject to immediate dismissal for failure to state a claim or on some other ground.") (E.D.N.Y. 2004) (internal quotations omitted); *McNally v. Yarnall*, 764 F. Supp. 853, 855 (S.D.N.Y. 1991) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis.").

## II. PLAINTIFF'S FAIR LABOR STANDARDS ACT CLAIM MUST BE DISMISSED

Plaintiff's Complaint alleges facts which place him squarely within the FLSA's statutory "domestic service employee" exemption from overtime wage requirements. If, however, the Plaintiff disputes this (and the Court agrees), then the claim still must be dismissed on the additional grounds that (1) DF Land is not an "enterprise" engaged in interstate commerce under the FLSA and (2) Plaintiff has failed to adequately plead an FLSA overtime claim, and thus the Court lacks subject matter jurisdiction over Plaintiff's claim.

To be entitled to the FLSA's protections, a plaintiff must first allege that he is covered by the statute.  There are two types of statutory coverage: enterprise and individual.  To establish enterprise coverage, an employee must show that his employer (1) is engaged in interstate commerce, and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)–(ii).  Failing that, a plaintiff must allege

-4-

that he is individually protected under the FLSA, including by engaging in particular kinds of work, such as live-in domestic service.

### 1. Plaintiff Alleges That He Is a Domestic Service Employee and Thus Exempt from the FLSA Overtime Wage Requirements

Based on the allegations in the Complaint, Plaintiff seemingly alleges that he is individually covered by the FLSA because he is employed in "domestic service." 29 U.S.C. § 207(l). Indeed, Plaintiff claims that his job duties consisted of "cooking, cleaning, chauffeuring the children, tutoring, babysitting, and travelling with the [Dubin] family to other properties." (Compl. ¶¶ 35-36.) Federal regulations provide a non-exhaustive list of positions qualifying as a "domestic service employee," which includes "cooks, waiters, butlers, valets, maids, housekeepers, governesses, nurses, janitors, laundresses, caretakers, handymen, gardeners, footmen, grooms, and chauffeurs of automobiles for family use." 29 C.F.R. § 522.3 (2014). The duties Plaintiff allegedly performed mirror the "domestic service" duties described in the regulation. However, Section 13(b)(21) of the FLSA, provides that any person who is employed in "domestic service" in a private household and resides on the employer's premises is <u>exempt from the FLSA's overtime requirements</u>. 29 U.S.C. § 213(b)(21); *see also* DOL Fact Sheet #79B: *Live-in Domestic Service Workers Under the Fair Labor Standards Act*.[4] Here, Plaintiff's Complaint concedes that he is a domestic service worker (Compl. ¶ 36), and Plaintiff does not (and cannot) allege that he and his family resided outside of DF Land's property throughout his employment. (Answer ¶ 30.)

Accordingly, Plaintiff alleges that he is a domestic service employee exempt from the FLSA's overtime wage requirements, and thus his FLSA claim for overtime wages must be dismissed.

---

[4] A copy of the DOL Fact Sheet may be obtained at: http://www.dol.gov/whd/regs/compliance/whdfs79b.htm

### 2. If Plaintiff is not an Exempt Domestic Service Worker, There is No Jurisdictional Basis For His FLSA Claim

If, in response to this motion, Plaintiff contends that his Complaint does not allege that he is covered by the FLSA as a live-in domestic service worker, then to save his FLSA claim from dismissal Plaintiff must allege that he is covered under Section 7(a) the FLSA by virtue of working for a covered enterprise. Because DF Land is not an "enterprise engaged in commerce or the production of goods for commerce" as that term is defined under FLSA Section 3(s)(1) – the Court lacks subject matter jurisdiction over any such claim.

Here, assuming *arguendo* that Plaintiff is not a domestic service worker, his FLSA overtime wage claims fail because DF Land does not engage in interstate commerce sufficient to make them a covered enterprise under the FLSA. Indeed, the FLSA defines an enterprise engaged in commerce as one, "whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)–(ii). The Complaint alleges that DF Land owned and/or operated residential properties for the benefit of the Dubin family[5] (Compl. ¶ 11), but fails to allege how a residential, non-rental property could generate business in excess of $500,000. In fact, DF Land's gross volume of sales made during Plaintiff's employment was a mere $18,600 and $3,100 in 2012 and 2013, respectively. (Answer ¶ 29.) As these amounts are far below the statutory threshold, Plaintiff's FLSA overtime wage claim – if he is not a domestic service worker – must be dismissed.[6] *Yang Li v. Ya Yi Cheng*, 10 CV 4664, 2012 WL 1004854 (E.D.N.Y. Jan. 6, 2012); *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010) (holding that "[t]he employee bears the burden of establishing the jurisdictional

---

[5] DF Land does not own all of the properties alleged in the Complaint. (Answer ¶ 11.) However, this fact is irrelevant for the purposes of this motion.

[6] Plaintiff alleges FLSA claims against DF Land and the individual defendants. Because Plaintiff cannot establish that he is a covered employee under the FLSA, his claims against all the defendants must be dismissed as there are no allegations that any of the individual defendants are a covered enterprise engaging in interstate commerce.

prerequisite of either enterprise or individual coverage") citing *Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000).

For this additional reason, Plaintiff's FLSA claims must be dismissed.[7]

### 3. Plaintiff Fails to Plead Adequate Facts to Support a FLSA Claim

Even if Plaintiff's Complaint survives the challenges above, it still must be dismissed for failure to state a claim.

Recently, the Second Circuit has published multiple opinions holding that bare allegations that amount to a mere recitation of the statutory language of the FLSA are insufficient to state a claim. *See, e.g. Lundy v. Catholic Health System of Long Island*, 711 F.3d 106, 114 (2d Cir. 2013) (Plaintiffs failed to state a claim because they "have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours"); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 199 (2d Cir. 2013) (dismissing FLSA claim where plaintiffs merely alleged they "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours"); *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 87 (2d Cir. 2013) (rejecting overtime claim where plaintiff alleged she worked "more than forty hours per week during 'some or all weeks' of her employment"). Under this recent Second Circuit precedent, allegations which boil "down to a conclusory assertion, without any supporting factual context, that the defendants violated the FLSA overtime provision because plaintiff worked some number of excess hours in some unidentified week" are too speculative to support an FLSA claim. *Bustillos v. Academy Bus, LLC*, No. 13 civ. 565 2014 U.S. Dist. LEXIS 3980, *11 (S.D.N.Y. Jan. 13, 2014) Thus, in order "[t]o plead a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the

---

[7] If the Court determines that the issue of individual or enterprise liability is not jurisdictional in nature, then the Court may convert this aspect of the motion to one for summary judgment.

length of frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201.

Here, Plaintiff's FLSA allegations are as threadbare and speculative as the pleadings rejected by the Second Circuit. To be sure, Plaintiff merely alleges that he "regularly work[ed] approximately sixty-five (65) hours per week." (Compl. ¶ 41.) The Complaint is void of any allegations that Defendants failed to pay overtime in "a given workweek." Furthermore, Plaintiff makes no "effort to draw on his 'memory and experience' to provide the 'sufficiently detailed factual allegations' required" under *Lundy* and its progeny. *Bustillos*, *supra*, quoting *DeJesus*, 726 F.3d at 90. For this additional reason, Plaintiff has failed to state a FLSA claim.

### III. THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER THE STATE AND CITY LAW CLAIMS

Subject matter jurisdiction in this case is premised on federal question jurisdiction over Plaintiff's ADA (42 U.S.C. § 12101 et. seq.) and FLSA (29 U.S.C. § 201 et. seq.) claims under 28 U.S.C. § 1331, with supplemental jurisdiction over his state and New York City law claims pursuant to 28 U.S.C. § 1367. "The decision to exercise supplemental jurisdiction is within the sound discretion of the district court and involves an assessment, at each stage of the case, of the values of judicial economy, convenience, fairness, and comity." *Bustillos v. Academy Bus, LLC*, supra (citing *Lundy*, 711 F.3d at 117-18). "In 'the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the supplemental jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Yang Li v. Ya Yi Cheng*, 10-cv-4664, 2012 WL 1004854 (E.D.N.Y. Jan. 6, 2012) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

As demonstrated above, Plaintiff has failed to state a claim under the ADA or FLSA, and those claims must be dismissed. This court should decline to exercise supplemental jurisdiction

over the remaining state and city law claims because none of the aforementioned factors favor retaining jurisdiction. Specifically, this case is in the very earliest stages, and the parties have not engaged in any litigation with respect to the state and city law claims. Furthermore, "[c]ourts in these circumstances have routinely declined to exercise supplemental jurisdiction and dismissed state law claims." *Bustillos v. Academy Bus, LLC*, *supra*; *Yang Li v. Ya Yi Cheng*, *supra*; *Dreher v. Doherty*, No. 12-cv-4251, 2013 U.S. Dist. LEXIS 69414, at *11-13 (declining to exercise supplemental jurisdiction over NYLL claims after determining that FLSA claims were not adequately pleaded).

### IV. PLAINTIFF'S NYLL OVERTIME CLAIM MUST BE DISMISSED AS A MATTER OF LAW

If the Court exercises jurisdiction over the state law claim for overtime wages, it too must be dismissed.

The NYLL provides protections to domestic service employees with respect to minimum wage and maximum hours requirements that differ from the FLSA. *See generally Manliguez v. Joseph*, 226 F. Supp. 2d 377, 389 (E.D.N.Y. 2002) ("New York Law, unlike FLSA, awards reduced overtime compensation for domestic employees."). The applicable New York wage regulation states as follows:

> An employer shall pay an employee for overtime at a wage rate of 1 ½ times the employees regular rate in the manner and methods provided in and subject to the exemptions of section 7 and 13 of [the FLSA] . . . provided, however, that the exemptions set forth in section 13(a)(2) and (a)(4) of such act shall not apply. In addition, <u>an employer shall pay employees subject to the exemptions of section 13 of the [FLSA]</u>, as amended, except employees subject to section 13(a)(2) and (a)(4) of such act, <u>overtime at a wage rate of 1 ½ times the basic minimum hourly rate</u>.

12 N.Y.C.R.R. § 142-2.2 (emphasis added).[8]  In sum, the regulation provides that employees exempt under Section 13 of the FLSA (which includes the exemption for domestic services employees) are paid overtime at a wage rate of 1 and ½ times the *basic minimum hourly rate*. *See Almeida v. Aguinaga*, 500 F.Supp. 2d 366, 368 (S.D.N.Y. 2007) (holding that plaintiff, a domestic service employee, was only entitled to the NY "minimum hourly wage for the first 44 hours she worked per week, and 1.5 times the minimum wage for each hour over 44 per week"); *Ballard v. Cmty Home Care Referral Serv., Inc.*, 264 A.D.2d 747 (2nd Dep't 1999) (holding that that regulation limited overtime compensation for home health care aids and similarly situated employees (e.g. domestic employees) to 1 ½ times the state minimum wage rather than the 1 ½ times the worker's hourly wage).  Under the New York regulations, the basic minimum hourly rate for a domestic service employee during the time of Plaintiff's employment with Defendants was $7.25 per hour for the first 44 hours of work and $10.875 for additional hours worked per week. 12 N.Y.C.R.R. §§ 142-2.1 - 142-2.2.

Taking Plaintiff's allegations as true, Plaintiff, as a domestic service worker, was entitled, at a minimum, to $319.00 per week for his first 44 hours of work, and an additional $228.38 per week for the 21 hours of overtime he claims he worked per week – totaling $547.38 per week or $28,464 per year. Again, Plaintiff's regular salary plus bonus (not including additional benefits) was $102,000 or nearly *four times* the applicable minimum and overtime wages required under the NYLL.  Thus, Plaintiff earned well in excess of what is required under the NYLL, and his overtime claim must be dismissed with prejudice as a matter of law.

---

[8] There are no explicit provisions governing overtime compensation under the New York Minimum Wage Act.  However, NYLL Section 653 grants the Commissioner authority to investigate the minimum wage and overtime rates and appoint a wage board to make recommendations, which (if adopted) are included in the New York Codes, Rules and Regulations.

-11-

**CONCLUSION**

As stated above, Plaintiff's claims under the FLSA and ADA should be dismissed, *with prejudice*. The Court should decline to exercise supplemental jurisdiction over Plaintiff's sole remaining claims (alleging violation of the New York Labor Law and New York City Administrative Code), which should be dismissed *without prejudice*. If the Court Exercises supplemental jurisdiction, the NYLL claims should be dismissed *with prejudice*.


Dated:  New York, New York
        April 18, 2014

                                    Respectfully submitted,

                                    VEDDER PRICE P.C.


                                    By:  s/ Lyle S. Zuckerman
                                          Lyle S. Zuckerman
                                          lzuckerman@vedderprice.com
                                          Michelle D. Velasquez
                                          mvelasquez@vedderprice.com
                                          1633 Broadway, 47th Floor
                                          New York, New York  10019
                                          T:  +1 (212) 407-7700
                                          F:  +1 (212) 407-7799

                                    *Attorneys for Defendants DF Land, Glenn Dubin, Eva Dubin, and Brenda Ames*