UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

RINALDO RIZZO

        Plaintiff,

 -against-

DF LAND LLC, GLENN DUBIN, *Individually*,
and BRENDA AMES, *Individually*,

        Defendants.
------------------------------------------------------------ X

**ORDER DENYING MOTION TO DISMISS**

13 Civ. 8664 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Plaintiff, a former employee of DF Land, LLC, claims that he was unlawfully discharged because of a disability in violation of the American with Disabilities Act of 1990, 42 U.S.C. § 12101 (the "ADA"). He also claims that he is owed unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New York Labor Laws, 29 U.S.C. § 201 *et seq.* (the "NYLL"). Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(c). Material issues of fact exist such that dismissal of the complaint is unwarranted. Defendants' motion to dismiss is denied in its entirety for the reasons explained below.

**I. Standard of Review under Fed. R. Civ. P. 12(c)**

   When reviewing a motion to dismiss under Fed. R. Civ. P. 12(c), I must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Hogan v. Fischer*, 738 F.3d 509, 514-15 (2d Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations and

1

quotations omitted). Allegations made upon information and belief satisfy the pleading requirements, especially in the case that "the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations omitted).

## II.   Plaintiff's Allegations under the ADA

Defendants argue that DF Land, LLC does not employ more than 15 employees and is therefore exempt from the ADA. *See* 42 U.S.C. § 1211(5)(A). In counting the number of employees for purposes of the ADA's numerosity requirement, a court may aggregate employees of two or more entities. *Ingenito v. Riri USA, Inc.*, 2013 WL 752201, at *12 (E.D.N.Y. Feb. 27, 2013). Aggregation is appropriate where plaintiff can show either that the defendant's companies function as a single integrated enterprise, *Arcuelo v. On-Site Sales and Marketing, LLC*, 425 F.3d 193, 198 (2d Cir. 2005), or that the defendant's corporations function as a joint employer. *Gargano v. Diocese of Rockville Centre*, 888 F. Supp. 1274, 1278 (E.D.N.Y. 1995).

Plaintiff alleged facts in his complaint and in his affidavit submitted in connection with his opposition to defendants' motion that make either aggregation theory plausible. Plaintiff's affidavit alleges that the Dubin family's companies were interconnected and under common ownership, management, and control such that they formed one integrated enterprise. This enterprise included not only the defendant DF Land, LLC but also Highbridge Capital Management, Hickory Hill Farms, Gleneagles Equestrian, 1090 North Lake Way, LLC, DFGlobal LLC, Dubin and Co LLC, Parkview Holding LLC, and Castleton Ranch LLC. When aggregated in this way, defendants have more than 15 employees and fall under the ADA's coverage and protections.

2

Plaintiff alleges that the employees moved between each company and the companies shared a benefit plan and vacation schedules. Plaintiff further alleges that on "an almost daily basis I, along with other employees of defendant DFL, was asked to perform tasks necessary for the operation of these other enterprises while not being officially employed by those other enterprises" and "employees of each of these enterprises were asked to perform work for the others on a regular basis."

Thus, plaintiff alleges that there was common ownership, financial control, and common management of all entities and/or that the entities functioned as a joint employer. As such there are material issues of fact regarding whether defendants' affiliated companies operate as a common employer who employ more than 15 employees. I therefore deny the motion to dismiss the ADA claims on these grounds.

### III.    Plaintiff's FLSA Claims

Defendants next argue that I must dismiss plaintiff's FLSA overtime claims because the plaintiff should be classified as a "domestic service worker" under the FLSA and is therefore exempt from the FLSA's overtime provisions. *See* 29 U.S.C. § 213(b)(21). The FLSA provides that "any employee who is employed in domestic service in a household and who resides in such household" is excluded from the FLSA's overtime provisions. *Id.* Thus, if the plaintiff is exclusively a domestic service worker, his FLSA claims should be dismissed. The allegations in plaintiff's complaint and affidavit create material issues of fact regarding whether or not he would fall under this FLSA exception.

Plaintiff's complaint and affidavit allege that he was employed in December 2011 by DF Land, LLC not by the Dubin family, to work as an "Estate Manager." Plaintiff alleges that while he did perform some domestic duties those duties did not comprise his entire job description; he was also required to communicate messages from defendants to other employees,

3

arrange shipments of the defendants' belongings to other locations and travel with them. At no point did he live in the Dubin's household though he did reside on their property in a separate house. Thus material facts exist regarding whether or not this plaintiff who did not live within the household and did not perform exclusively domestic tasks can be considered a "domestic service worker" for the purposes of the FLSA overtime exception.

Defendants move alternatively to dismiss the FLSA claims on the basis that DF Land LLC is not an "enterprise" engaged in interstate commerce "whose annual gross volume of sales made or business done" exceeds $500,000 as required by the FLSA. *See* 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Plaintiff alleges that all of defendants' entities function as one integrated enterprise that does business in excess of $500,000. For purposes of the FLSA's requirement, if all of the companies are related, under common control, and operating for a common business purpose aggregation of the separate entities is appropriate. *Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512, 515 (1973). Material facts exist regarding whether or not defendants are running one integrated enterprise that does more than $500,000 in business in commerce. Defendants' motion to dismiss the FLSA claims are therefore dismissed as well.

*Conclusion*

Because material facts exist as to each issue, dismissal of the complaint pursuant to Fed. R. Civ. P. 12(c) is inappropriate. Defendants' motion is denied in its entirety.

Parties' counsel are ordered to exchange initial disclosures as required by Fed. R. Civ. P. 26 and to attend an initial case management conference on July 18, 2014 at 10:00 a.m.

The clerk shall mark the motion (Doc No. 11) terminated.

SO ORDERED.

Dated: June 9, 2014
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

5