UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------- x
RINALDO RIZZO,

                Plaintiff,

      - against -

DF LAND LLC, GLENN DUBIN, *Individually*,
EVA DUBIN, *Individually*, and BRENDA
AMES, *Individually*.

                Defendants.
------------------------------------------------------------- x

Case No. 13-cv-8664 (AKH)

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
# THEIR MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER

Scott M. Cooper
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, NY 10019
(212) 489-8230
scottcooper@dwt.com

*Attorneys for Defendants DF Land LLC,
Glenn Dubin, Eva Dubin, and Brenda Ames*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .......................................................................................................................... 1

    A.     Document Discovery Focuses On Plaintiff's Job Duties As Estate Manager Of DF Land And The Locations In Which He Worked .......................... 1

    B.     Deposition Testimony Focuses On Plaintiff's Job Duties As Estate Manager Of DF Land And The Locations In Which He Worked .......................... 2

I.     Justice Requires That The Court Grant Leave To Amend The Answer To Assert Defendants' Additional Defenses ....................................................................... 4

    A.     Defendants' Amendments Would Most Certainly Not Be Futile ........................... 4

        1.     Highly Compensated Worker Exemption ................................................... 5

        2.     Overtime Worked Outside of New York ..................................................... 6

        3.     Plaintiff Not Covered by NYCHRL ............................................................ 6

    B.     Defendants Have Not Unduly Delayed In Seeking Leave To Amend, Nor Are Defendants Proceeding In Bad Faith ............................................................... 7

    C.     Amendment Will Not Unduly Prejudice Plaintiff .................................................. 9

CONCLUSION ........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Block v. First Blood Assocs.*,
    763 F. Supp. 746 (S.D.N.Y. 1991), *aff'd*, 988 F.2d 344 (2d Cir. 1993) ..................................4

*Commander Oil Corp. v. Barlo Equip. Corp.*,
    215 F.3d 321 (2d Cir. 2000) ......................................................................................................4

*Duffy v. Drake Beam Morin, Harcourt Gen., Inc.*,
    No. 96 Civ. 5606, 1998 WL 252063 (S.D.N.Y. May 19, 1998) ................................................8

*Duling v. Gristede's Operating Corp.*,
    265 F.R.D. 91 (S.D.N.Y. 2010) ............................................................................................8, 9

*Ebert v. Holiday Inn*,
    No. 11 Civ. 4102, 2014 WL 34960 (S.D.N.Y. Jan. 31, 2014) ..................................................8

*Foman v. Davis*,
    371 U.S. 178 (1962) ..............................................................................................................4, 9

*Monahan v. New York City Dep't of Corr.*,
    214 F.3d 275 (2d Cir. 2000) ..................................................................................................4, 9

*O'Neill v. Mermaid Touring Inc.*,
    968 F. Supp. 2d 572 (S.D.N.Y. 2013) ..............................................................................6, 8, 9

*Ricciuti v. N.Y.C. Transit Auth.*,
    941 F.2d 119 (2d Cir. 1991) ......................................................................................................4

*Rotter v. Leahy*,
    93 F. Supp. 2d 487 (S.D.N.Y. 2000) .........................................................................................4

*Safeco Ins. Co. of Am. v. Discover Prop. and Cas. Ins. Co.*,
    No. 05 Civ. 8625, 2008 WL 318314 (S.D.N.Y. Feb. 6, 2008) .................................................8

*Saraiva v. Citigroup*,
    No. 01 Civ. 3298, 2001 WL 869619 (S.D.N.Y. Aug. 1, 2001) .................................................5

*State Teachers Ret. Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981) ......................................................................................................4

*United States ex rel. Maritime Admin. v. Cont'l Illinois Nat'l Bank & Trust Co.*,
    889 F.2d 1248 (2d Cir. 1989) ................................................................................................4, 9

*Wahlstrom v. Metro-North Commuter R.R. Comp.*,
   89 F. Supp. 2d 506 (S.D.N.Y. 2000) ............................................................................. 6, 7, 8, 9

**Federal Statutes**

Americans with Disabilities Act ........................................................................................................ 1

Fair Labor Standards Act ................................................................................................... 1, 2, 3, 7

**State and Local Statutes**

Administrative Code of the City of NY § 8-104[1] ........................................................................ 7

Administrative Code of the City of NY § 8-105[1] ........................................................................ 7

New York City Human Rights Law ........................................................................................ *passim*

New York State Labor Law ................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 15 ........................................................................................................................ 1, 9

Fed. R. Civ. P. 15(a) ........................................................................................................................ 4

Rule 12(b)(6) ............................................................................................................................. 4, 5

**Regulations**

29 C.F.R. § 546.601 ........................................................................................................................ 5

# TABLE OF CONTENTS
# FOR DECLARATIONS AND EXHIBITS

**Declaration of Scott M. Cooper**

| | | Page(s) |
|---|---|---|
| Exhibit A | Redlined Copy of Defendants' Proposed First Amended Answer | 3, 7 |
| Exhibit B | Copy of Defendants' Document Requests, served on August 25, 2014 | 2, 10 |
| Exhibit C | Copy of Defendants' Interrogatories Propounded on Plaintiff, served on August 25, 2014 | 2, 10 |
| Exhibit D | Copy of Plaintiff's Document Requests, served on or about August 6, 2015 | 2, 10 |
| Exhibit E | Copy of a Purported Job Description | 2, 5, 10 |
| Exhibit F | Copies of Plaintiff's Resumes and Employment Applications | 2, 5-6, 10 |
| Exhibit G | Copies of Plaintiff's W-2 Forms for 2011, 2012, and 2013 | 2, 5, 10 |
| Exhibit H | Copy of Plaintiff's Offer Letter to Work as Estate Manager for DF Land | 2, 5, 10 |
| Exhibit I | Copies of Relevant Transcript Pages from the Deposition of Rinaldo Rizzo, dated July 8, 2015 | 3, 10 |
| Exhibit J | Copies of Relevant Transcript Pages from the Deposition of Brenda Ames, dated July 14, 2015 | 3, 10 |

DWT 27403741v5 0103787-000001

**PRELIMINARY STATEMENT**

Defendants respectfully seek leave of the Court to amend their answer to add three defenses that have been at the heart of this litigation since discovery commenced.[1]  Under Fed. R. Civ. P. 15 "the court should freely give leave when justice so requires."  Under this liberal standard, defendants' motion should be granted because defendants' three additional defenses are viable, and granting leave to amend at this time will neither prejudice nor surprise plaintiff, as substantial discovery has already focused on the issues in question.

**BACKGROUND**

Plaintiff brings this action against defendants alleging claims under the New York City Human Rights Law ("NYCHRL"), Americans with Disabilities Act ("ADA"), New York State Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA").  Specifically, plaintiff's complaint alleges, *inter alia*, that plaintiff had no "supervisory or managerial responsibilities"; (Compl. ¶¶ 32, 35), and that his "actual responsibilities included, but were not limited to, cooking, cleaning, chauffeuring the children, tutoring, babysitting, and travelling with the family to other properties."  (*Id*. ¶ 36.)  Plaintiff alleges that he "worked primarily in the New York City Property and at the North Salem Property completing sundry domestic tasks for Defendants" but that his duties extended to the Dubins' various vacation properties.  (*Id*. ¶¶ 22, 37.)

**A.   Document Discovery Focuses On Plaintiff's Job Duties As Estate Manager Of DF Land And The Locations In Which He Worked**

The parties have devoted much effort to examining plaintiff's job duties and the locations at which plaintiff performed those duties.  Both defendants and plaintiff served document

---

[1] A redlined copy of the proposed amended answer is attached as Exhibit A to the Declaration of Scott M. Cooper ("Cooper Decl."), dated July 24, 2015.  Prior to filing this motion, defendants asked plaintiff to consent to the amendment but plaintiff refused.  (Cooper Decl. ¶ 2.)

requests and interrogatories on each other in August 2014.  Specifically, defendants sought all documents that plaintiff intended to rely upon in support of his allegations that he was a non-exempt employee (Cooper Decl., Ex. B at 14), and that defendants "wrongfully categorized [him] as a 'Manager.'" (*Id.* at 15.)  Further, defendants' Interrogatory 11 specifically asked for plaintiff's domicile(s) since January 1, 2011. (Cooper Decl., Ex. C at 11).  Likewise, plaintiff's discovery requests also sought documents and information relating to plaintiff's work duties and responsibilities while employed by DF Land.  (Cooper Decl., Ex. D at 11.)

In response to these document requests, the parties produced thousands of documents, many of which related specifically to plaintiff's job duties, where he performed them, and the amount of plaintiff's annual base salary.  (Cooper Decl. ¶ 7.)  Plaintiff produced and defendants acquired through third-party subpoenas, *inter alia*, a purported job description and various versions of plaintiff's post-employment resume and employment applications, which describe in detail the managerial nature of his employment with defendants.  (Cooper Decl., Exs. E and F, respectively.)  Furthermore, plaintiff produced copies of his W-2 Forms for 2011, 2012 and 2013, which evidences that his annual base salary was $100,000.   (Cooper Decl., Ex. G.)  Plaintiff's offer letter also stated that his annual base salary would be $100,000, his job title would be Estate Manager, and he would be provided with free housing on defendants' property in North Salem, New York.  (Cooper Decl., Ex. H.)

**B.     Deposition Testimony Focuses On Plaintiff's Job Duties As Estate Manager Of DF Land And The Locations In Which He Worked**

Before any depositions were taken, defendants advised plaintiff that they intended to amend their answer to include the highly compensated worker exemption as a defense to plaintiff's claims under the FLSA and NYLL.  (Cooper Decl. ¶ 12.)  Defendants' counsel took plaintiff's deposition on July 8, 2015.  (Cooper Decl. ¶ 13.)  Plaintiff's counsel then took the

depositions of defendants Brenda Ames and Glenn Dubin on July 14 and 16, respectively.  (*Id.*)  At each of those depositions, plaintiff's job duties were the subject of extensive questioning and were expressly referenced in numerous exhibits.  (*Id.*)  Additionally, plaintiff's counsel asked defendants Ames and Glenn Dubin about, among other things, the nature, amount, and frequency of work that Plaintiff performed outside the state of New York.  (*Id.*)

Deposition discovery confirmed that plaintiff spent the vast majority of his work time outside the five boroughs of New York City, and provided services to defendants in Colorado and Florida.  (Cooper Decl., Exs. I and J.)  Defendants now seek leave to amend their answer in this case to assert three defenses not before pled, but which have already been the focus of discovery.  The defenses at issue are that:  (1) plaintiff is barred from recovery of overtime compensation because he falls within the highly compensated worker exemption to claims under the NYLL and FLSA; (2) plaintiff is ineligible for overtime claimed under the NYLL for any alleged hours of work performed outside the state of New York; and (3) plaintiff's claims under the NYCHRL are barred because the impact of the acts alleged by plaintiff was not felt within the five boroughs of New York City.  (Cooper Decl., Ex. A.)

## ARGUMENT

Defendants' proposed amended answer satisfies the liberal standards under the federal rules for leave to amend a pleading.  Defendants' motion is timely as it is based on information revealed during fact discovery, which is still ongoing.  Further, these additional defenses will not cause undue prejudice because they will neither cause delay nor alter the nature of the litigation in any significant way.  Finally, because each of Defendants' amendments raises a defense that is facially plausible, the amendments are not futile.  As such, the Court should grant Defendants' motion for leave to amend their answer.

3

**I.     Justice Requires That The Court Grant Leave To Amend
        The Answer To Assert Defendants' Additional Defenses**

District courts must freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) ("mere technicalities should not prevent cases from being decided on the merits"); *United States ex rel. Maritime Admin. v. Cont'l Illinois Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (applying the liberal Rule 15(a) standard and finding the district court abused its discretion in denying defendant's motion for leave to amend its answer). Leave should ordinarily be granted unless the amendment: (1) has been unduly delayed; (2) is sought for dilatory purposes or is made in bad faith; (3) would unduly prejudice the opposing party; or (4) would be futile. *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman,* 371 U.S. at 182). Delay alone, absent bad faith or prejudice, is not a valid reason for denying a motion to amend. *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000) (absent prejudice, no abuse of discretion to permit amendment of answer to assert additional affirmative defense after a seven-year delay); *Rotter v. Leahy*, 93 F. Supp. 2d 487, 499 (S.D.N.Y. 2000) ("Typically, the moving party's delay, standing alone, is not sufficient reason to foreclose amendment"). Moreover, it is plaintiff's burden to demonstrate any purported bad faith or undue prejudice that he would contend would result from the amendments. *Block v. First Blood Assocs.*, 763 F. Supp. 746, 748 (S.D.N.Y. 1991), *aff'd*, 988 F.2d 344 (2d Cir. 1993). Here, justice requires the amendments that defendants seek.

   **A.     Defendants' Amendments Would Most Certainly Not Be Futile**

Defendants' proposed amendments are not futile. In determining the issue of futility, the Court should apply the familiar Rule 12(b)(6) standard to inquire as to whether defendants have pleaded such facts that would state a defense that is plausible on its face. *See Ricciuti v. N.Y.C.*

4

*Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (courts considering the futility of amended pleadings must utilize the same standards that govern Rule 12(b)(6) motions to dismiss); *Saraiva v. Citigroup*, No. 01 Civ. 3298, 2001 WL 869619, at *1 (S.D.N.Y. Aug. 1, 2001). Accordingly, there must be sufficient factual allegations in the defense to show more than a mere possibility that the defense applies.

Here, defendants have sufficiently pled three defenses that are plausible on their face.

### 1. Highly Compensated Worker Exemption

Defendants have sufficiently pled in their amended answer a defense of the highly compensated worker exemption. *See* 29 C.F.R. § 546.601. Specifically, the amended answer alleges that:

> Plaintiff's claims are barred, in whole or in part, because he is not entitled to overtime pay under the FLSA or NYLL pursuant to the highly compensated worker exemption because he was paid total annual compensation of $100,000 or more (which included a salary of more than $455 per week), and his primary duty included performing office or non-manual work, and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

This defense is not only plausible on its face, but also supported by the record evidence obtained through discovery. (*See supra* Cooper Decl., Exs. E, F, G, and H.) Indeed, discovery has revealed that plaintiff was responsible for overseeing the annual budget for a sizeable estate in North Salem, New York, where plaintiff interviewed, monitored, and directed vendors and contractors on a regular basis. Plaintiff's post-employment resumes, which he sent to potential employers in 2013 and 2014, state in no uncertain terms that, while working as an Estate Manager for defendants, he was "[r]esponsible for financial reporting and oversight of 550k annual budget," and "[c]oordinated all aspects of staff and facility management for housing,

5

indoor sports facility and indoor/outdoor horse riding facility." (*See supra* Cooper Decl., Ex. F). Accordingly, this defense is not futile.

### 2. Overtime Worked Outside of New York

Similarly, defendants have sufficiently pled in their amended answer a defense barring plaintiff from recovering overtime compensation under the NYLL for hours worked outside of the state of New York. *See O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572, 579 (S.D.N.Y. 2013) (granting defendants' motion for summary judgment to the extent that plaintiff sought recovery under the NYLL for overtime work performed outside of New York, as "the crucial issue is where the employee is laboring"). Specifically, the amended answer alleges that:

> Plaintiff's claims are barred, in whole or in part, because he is not entitled to overtime pay under the NYLL for any alleged overtime hours he allegedly worked outside the state of New York.

This defense is a plain statement that plaintiff may not recover overtime compensation under the NYLL for any hours worked outside the state of New York. There is nothing futile about this defense, as plaintiff admitted in his complaint and during his deposition that at various times during his employment, he performed work outside the state of New York. Moreover, addition of this defense does not change the fact that plaintiff bears the burden of proving that he worked in excess of 40 hours per week within the state of New York. *See O'Neill*, *supra*, 968 F.Supp. 2d at 579.

### 3. Plaintiff Not Covered by NYCHRL

Similarly, in order to establish his claims under the NYCHRL, plaintiff bears the burden of proving that the impact of the alleged unlawful acts were felt within the five boroughs of New York City. *See Wahlstrom v. Metro-North Commuter R.R. Comp.*, 89 F. Supp. 2d 506, 528 (S.D.N.Y. 2000) ("the NYCHRL only applies where the actual impact of the discriminatory conduct or decision is felt within the five boroughs, even if a discriminatory decision is made by

6

an employer's New York City office."); N.Y.C. Admin. Code § 8-104[1] (NYCHRL was created to, among other things, foster mutual understanding and respect among all persons in the city of New York"), § 8-105[1] (the New York City Human Rights Commission is designed to achieve "harmonious intergroup relations within the city of New York."). That plaintiff bears the burden to prove the applicability of the NYCHRL is hardly novel, and defendants' intention to amend their answer to include a defense that plaintiff's claims under the NYCHRL are barred does not present a new issue for plaintiff to highlight in discovery. As a litigant alleging claims under the NYCHRL, plaintiff at all times has been responsible for proving that he is entitled to the law's protections. *See Wahlstrom, supra*, 89 F. Supp. 2d at 528.

Defendants' proposed amended answer alleges sufficient facts to support a jurisdictional defense with respect to Plaintiff's claims under the NYCHRL:

> Plaintiff's claims under the New York City Human Rights Law are barred because Plaintiff was never a New York City resident and the impact of the alleged discriminatory and retaliatory actions was not felt within the five boroughs of New York City.

This is a viable defense that is both plausible on its face and supported by the evidence defendants have obtained through discovery. As such, this defense is not futile.

### B. Defendants Have Not Unduly Delayed In Seeking Leave To Amend, Nor Are Defendants Proceeding In Bad Faith

Defendants' counsel notified plaintiff's counsel before any depositions were taken that defendants intended to amend their answer to include a "highly compensated worker" defense with regard to plaintiff's claims under the FLSA and NYLL. (Cooper Decl., ¶ 12.) Substantial discovery had already focused on the issue of plaintiff's duties and compensation, and now that depositions have been taken, defendants are in a position to amend their answer by adding defenses it may now lodge with confidence. (*See supra* Cooper Decl., Ex. A.)

7

It is well-settled that leave to amend may be appropriate at any stage of litigation. *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010). "Courts have granted leave to amend 'following discovery; after a pretrial conference; at a hearing on a motion to dismiss or for summary judgment; after a motion to dismiss has been granted but before the order of dismissal has been entered; when the case is on the trial calendar and has been set for a hearing by the district court; at the beginning, during, and at the close of trial; after a judgement has been entered; and even on remand following the appeal.'" *Id.* (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1488 at 652-57 (2d ed.1990)). Indeed, "it is well-established in this Circuit that a district court has the discretion to consider an affirmative defense raised for the first time at the summary judgment stage by construing the answer, so long as the party opposing the affirmative defense has an adequate opportunity to respond to that defense and has otherwise suffered no prejudice as a result of the late pleading." *Ebert v. Holiday Inn*, No. 11 Civ. 4102, 2014 WL 34960, at *9 (S.D.N.Y. Jan. 31, 2014); *Safeco Ins. Co. of Am. v. Discover Prop. and Cas. Ins. Co.*, No. 05 Civ. 8625, 2008 WL 318314 (S.D.N.Y. Feb. 6, 2008) (granting counterclaim defendant's motion for leave to amend its answer where motion was filed on the same date as motion for summary judgment).

Moreover, plaintiff will not experience any prejudice if defendants are permitted to amend their answer to include defenses related to hours worked outside New York, and that plaintiff does not have standing to sue under the NYCHRL because neither, technically, constitutes an affirmative defense, and the burden remains on plaintiff to prove that the hours he worked were worked in New York state and that the impact of the events he alleges to have occurred was felt within the five boroughs of New York City. *See O'Neill*, 968 F. Supp. 2d at 579; *Wahlstrom*, 89 F. Supp. 2d at 528; *Duffy v. Drake Beam Morin, Harcourt Gen., Inc.*, No. 96

8

Civ. 5606, 1998 WL 252063, at *11 (S.D.N.Y. May 19, 1998). Plaintiff assumed those burdens by alleging claims under the NYLL and NYCHRL, respectively, and has been on effective notice of his need to satisfy those burdens since the day he filed his complaint. *See O'Neill*, 968 F. Supp. 2d at 579; *Wahlstrom*, 89 F. Supp. 2d at 528. Thus, amendment will not unduly delay the progress of this litigation.

Moreover, defendants are not seeking to amend their answer frivolously, in bad faith, or for any ulterior purpose such as delay. Rather, now that defendants have had an opportunity to avail themselves of the tools of discovery, defendants have used the new information acquired through written discovery and depositions taken this very month to lodge the three additional defenses in their amended answer.[2] Further, the parties have conducted discovery directed to these defenses, so there can be no claim of surprise.

### C. Amendment Will Not Unduly Prejudice Plaintiff

In addressing the question of whether the nonmoving party will sustain undue prejudice resulting from an amendment to the pleadings, courts in the Second Circuit consider whether the assertion of the new defense would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan*, 214 F.3d at 284 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).[3] These issues are not present here, and should not impede defendants from amending their answer.

---

[2] If the moving party can provide an explanation for the delay, the delay should not be fatal to a Rule 15 motion. *See Foman*, 371 U.S. at 182. "[E]ven vague or thin reasons are sufficient, in the absence of bad faith." *Duling*, 265 F.R.D. at 98 (citing *Town of New Windsor v. Tesa Tuck, Inc.*, 919 F. Supp. 662, 677 (S.D.N.Y.1996)).

[3] Assuming, *arguendo*, that these new defenses would give rise to a legitimate need for plaintiff take additional discovery (which they do not), the need for new discovery is insufficient, on its own, to constitute undue prejudice. *See Duling*, 265 F.R.D. at 100; *Cont'l Ill.*, 889 F.2d at 1255.

First, defendants' amendment of their answer will not require plaintiff to expend significant additional resources to conduct discovery and prepare for trial.  On the contrary, the parties have been focused on the issues presented by defendants' three proposed amendments for the entirety of this matter.  (*See supra* Cooper Decl., Exs. B-J.)  In fact, the parties have conducted substantial discovery on plaintiff's job responsibilities, compensation and the locations in which he was employed.  At most, defendants' proposed amendments have educated plaintiff concerning his burden to prove certain elements of his case.  Accordingly, the court should grant defendants leave to amend.

Second, defendants' amendment of their answer will not significantly delay the resolution of the dispute.  Specifically, fact discovery has not yet closed and trial has not been scheduled.  Indeed, the day after defendants sent plaintiff a draft amended answer on July 16, 2015, plaintiff's counsel permanently cancelled four of the five remaining depositions he had scheduled.  The decision to cancel four of the five remaining depositions *after* receiving defendants' amended answer belies any notion either that plaintiff will be unduly prejudiced by defendants' amended answer, or that granting leave to file the amended answer will significantly delay resolution of the lawsuit.

Third, defendants' amendment of their answer does not prevent plaintiff from filing a timely action in another jurisdiction.  Thus, the court should grant defendants leave to amend.

## CONCLUSION

For these reasons, the Court should grant defendants leave to amend their answer to assert their three additional defenses.

10

Dated: New York, New York
July 24, 2015

        DAVIS WRIGHT TREMAINE LLP

        By: /s/
           Scott M. Cooper

        1633 Broadway, 27th Floor
        New York, NY 10019
        (212) 489-8230
        scottcooper@dwt.com

        *Attorneys for Defendants DF Land LLC,*
        *Glenn Dubin, Eva Dubin, and Brenda Ames*