UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RINALDO RIZZO,

                    Plaintiff,

      -against-

DF LAND LLC, GLENN DUBIN, *Individually*,
EVA DUBIN, *Individually*, and BRENDA
AMES, *Individually*,

                Defendants.

Case No. 13 Civ. 8664 (AKH)

**ECF CASE**

~~VERIFIED~~**FIRST AMENDED
ANSWER**

Defendants DF Land LLC ("DF Land"), Glenn Dubin, Eva Dubin, and Brenda Ames (collectively, the "Defendants"), by its attorneys, answers the Complaint as follows:

        1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that the Plaintiff purports to bring this action and seeks certain relief pursuant to the statutes cited therein.

        2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit that the Plaintiff purports to bring this action and seeks certain relief pursuant to the statutes cited therein.

        3.      Paragraph 3 of the Complaint is a legal conclusion to which no responsive pleading is required.

        4.      Paragraph 4 of the Complaint is a legal conclusion to which no responsive pleading is required.

        5.      Paragraph 5 of the Complaint is a legal conclusion to which no responsive pleading is required.

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, except admit that throughout the time that Plaintiff was employed with DF Land, Plaintiff resided on DF Land's property at 9 Turkey Hill Road, North Salem, New York 10560, which is located in the State of New York and County of Westchester.

10.     Defendants admit that DF Land is a domestic limited liability company duly authorized and existing by virtue of the laws of the State of New York.  Defendants deny the remaining allegations contained in Paragraph 10, and further aver that DF Land's principle place of business is 9 Turkey Hill Road, North Salem, New York 10560 (hereinafter, the "North Salem Property").

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint, except admit that DF Land owned and operated the North Salem Property.

12.     Defendants admit to the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint, and further aver that Glenn Dubin is a member of DF Land LLC.

14.     Defendants admit to the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit to the allegations contained in Paragraph 15 of the Complaint.

DWT 27343184v1 0103787-000001
DWT 27445187v1 0103787-000001

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint, and further aver that Eva Dubin is a member of DF Land LLC.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit to the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint, and aver that during the relevant time period Brenda Ames was Chief Financial Officer for Glenn Dubin and Ms. Ames's responsibilities included overseeing the financial and management operations of DF Land as well as other Dubin entities.  Defendants further aver that Ms. Ames left her employment as CFO for Glenn Dubin on August 9, 2013.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint contains no allegations to which Defendants must admit or deny.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint, except admit that Plaintiff was a full time employee of DF Land and worked primarily at the North Salem Property.  Defendants further aver that Plaintiff performed sundry domestic tasks for Defendants.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint, except admit that DF Land and Glenn Dubin had the power to, and were responsible for, determining the wages to be paid to Plaintiff.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint, except admit that DF Land and Glenn Dubin had the power to establish the terms of Plaintiff's employment.

DWT 27343184v1 0103787-000001
DWT 27445187v1 0103787-000001

25.     Paragraph 25 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.

26.     Paragraph 26 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint, except Defendants admit that during Plaintiff's employment DF Land employed no more than nine (9) individuals. Defendant avers that true and accurate copies of DF Land's NYS-45 Forms filed with the State of New York during the time of Plaintiff's employment are attached as **Exhibit 1**. Further answering, whether DF Land's employees engaged in "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" is a legal conclusion to which no responsive pleading is required.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint. Further answering, Defendants state that DF Land had only approximately $18,600 in gross revenue in 2012, and approximately $3,100 in 2013. A true and correct copy of DF Land's profit and loss statement for the years ending December 31, 2012 and 2013 are attached to this Answer as **Exhibit 2**.

30.     Defendants admit to the allegations contained in Paragraph 30 of the Complaint, except aver that Plaintiff's regular salary was $100,000 throughout his employment and he received a $2,000 bonus in December of 2012. Defendants further answering, aver that DF Land's offer of employment to Plaintiff as referenced in the Complaint is attached hereto as **Exhibit 3**.

31.     Defendants admit to the allegations contained in Paragraph 31 of the Complaint.

4

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants admit to the allegations contained in Paragraph 34 of the Complaint.

35.      Defendants deny the allegations contained in Paragraph 35 of the Complaint, except admit that Plaintiff was expected to perform domestic duties on the North Salem Property.

36.     Defendants admit to the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint, except admit that from time to time, Plaintiff's duties required him to travel.  Defendants further answer that during his employment with DF Land, Plaintiff primarily spent his time working at the North Salem Property.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Paragraph 39 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint and, further answering, avers that "overtime compensation" was never owed to Plaintiff.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants admit the allegations contained in Paragraph 43 of the Complaint and, further answering, avers that Plaintiff received his regular salary during the weeks that Plaintiff took paid leave and/or vacation; thus, he received payment during weeks he did not work at all.

DWT 27343184v1 0103787-000001
DWT 27445187v1 0103787-000001

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint and, further answering, avers that "overtime compensation" was never owed to Plaintiff.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint and, further answering, avers that "overtime compensation" was never owed to Plaintiff.

46.     Paragraph 46 contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny knowledge or information sufficient to respond to the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint, except admit that Plaintiff had requested time off from DF Land to care for his spouse.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint, except admit that Plaintiff had requested time off from DF Land to care for his spouse.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint, except admit that in February and March of 2013 Plaintiff provided Defendants with various updates regarding the health status of his spouse and indicated his intention to take time off from work to care for his spouse.

53.     Defendants deny knowledge or information sufficient to respond to the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny knowledge or information sufficient to respond to the allegations contained in Paragraph 54 of the Complaint.

DWT 27343184v1 0103787-000001
DWT 27445187v1 0103787-000001

55.     Defendants deny knowledge or information sufficient to respond to the allegations regarding Dr. Gross's instructions to Plaintiff as alleged in Paragraph 55 of the Complaint. Defendants further answer and aver that Plaintiff took a paid leave of absence for approximately three weeks in February 2013.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint, except admit that Plaintiff returned to work on or about March 15, 2013.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint, except admit that Defendant Brenda Ames met with Plaintiff on April 5, 2013.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint, except admit that Plaintiff's employment with DF Land terminated on or around April 5, 2013.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Paragraph 67 contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 67 of the Complaint.

DWT 27343184v1 0103787-000001
DWT 27445187v1 0103787-000001

68.     Paragraph 68 contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 6 of the Complaint.

70.     Defendants deny knowledge or information sufficient to form a belief regarding how Plaintiff feels, and further answer that Defendants deny the remaining allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants admit that Plaintiff purports to seek certain relief through the bringing of this action.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants reassert their responses to Paragraphs 1-78 of the Complaint as if fully set forth herein.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint and further answering, avers that "overtime wages" were never owed to Plaintiff.

DWT 27343184v1 0103787-000001
DWT 27445187v1 0103787-000001

82.     Paragraph 82 contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants reassert their responses to Paragraphs 1-84 of the Complaint as if fully set forth herein.

86.     Paragraph 86 contains legal conclusions to which no responsive pleading is required.

87.     Paragraph 87 contains legal conclusions to which no responsive pleading is required.   To the extent response is required, Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint, except admit that the Plaintiff purports to bring this action and seeks certain relief pursuant to the statutes cited therein.

92.     Defendants reassert their responses to Paragraphs 1-91 of the Complaint as if fully set forth herein.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants state that the statute speaks for itself and refers the Court to the language of the Americans with Disabilities Act.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants reassert their responses to Paragraphs 1-96 of the Complaint as if fully set forth herein.

98.     Defendants state that the statute speaks for itself and refers the Court to the language of the Americans with Disabilities Act.

99.     Defendants state that the statute speaks for itself and refers the Court to the language of the Americans with Disabilities Act.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants reassert their responses to Paragraphs 1-100 of the Complaint as if fully set forth herein.

102.    Defendants state that the statute speaks for itself and refers the Court to the language of the Americans with Disabilities Act.

103.    Defendants state that the statute speaks for itself and refers the Court to the language of the Americans with Disabilities Act.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants reassert their responses to Paragraphs 1-104 of the Complaint as if fully set forth herein.

106.    Defendants state that the statute speaks for itself and refers the Court to the language of the Administrative Code of the City of New York.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants reassert their responses to Paragraphs 1-107 of the Complaint as if fully set forth herein.

DWT 27343184v1 0103787-000001
DWT 27445187v1 0103787-000001

109.    Defendants state that the statute speaks for itself and refers the Court to the language of the Administrative Code of the City of New York.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants reassert their responses to Paragraphs 1-110 of the Complaint as if fully set forth herein.

112.    Defendants state that the statute speaks for itself and refers the Court to the language of the Administrative Code of the City of New York.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    Defendants reassert their responses to Paragraphs 1-113 of the Complaint as if fully set forth herein.

115.    Defendants state that the statute speaks for itself and refers the Court to the language of the Administrative Code of the City of New York.

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants admit that Plaintiff purports to seek a trial by jury in this action.

118.    Defendants deny any and all factual allegations set forth in the "WHEREFORE" clauses and deny that Plaintiff is entitled to any of the relief sought therein.

## DEFENSES

1.    The Complaint and each claim fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3.    Plaintiff's claims are barred based on the doctrine of unclean hands.

DWT 27343184v1 0103787-000001
DWT 27445187v1 0103787-000001

4.     Plaintiff's claims are barred because such claims have been waived, discharged, or abandoned.

5.     All actions taken by Defendants with regard to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

6.     Upon information and belief, Plaintiff has failed to mitigate his alleged damages, any entitlement to which is expressly denied.

7.     The employment actions at issue were taken in good faith.

8.     Plaintiff is not entitled to overtime wages because he is exempt under the Fair Labor Standards Act pursuant to the "domestic service employee" exception.

9.     Plaintiff is not entitled to overtime wages because he is not covered under the Fair Labor Standards Act on account of the fact that his employer, DF Land LLC, is not an enterprise in interstate commerce with gross annual sales in excess of $500,000.  In support of this defense, Defendants attach DF Land's profit and loss statements for the years ending December 31 2012 and 2013 as **Exhibit 2**.

10.    Some of the hours plaintiff claims to have worked are not "hours worked" within the meaning of applicable law under the Fair Labor Standards Act and New York State Labor Law.

11.    Plaintiff's claims are barred, in whole or in part, because he is not entitled to overtime pay under the New York State Labor Law for any alleged overtime hours he allegedly worked outside the state of New York.

12.    Plaintiff's claims are barred, in whole or in part, because he is not entitled to overtime pay under the Fair Labor Standards Act or New York State Labor Law pursuant to the highly compensated worker exemption because was paid total annual compensation of $100,000 or more (which included a salary of more than $455 per week), and his primary duty included

performing office or non-manual work, and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

13.    11. Plaintiff is not entitled to overtime wages because he was paid in excess of the basic minimum wage owed to a "domestic service employee" under the New York State Labor Law.

14.    12. Defendants are entitled to a credit for meals and lodging provided to the plaintiff during the course of his employment.

15.    13. Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

16.    14. The Individual Defendants cannot be held liable, in whole or in part, for the actions alleged in the Complaint.

17.    15. Plaintiff's claim under the Americans With Disabilities Act is barred because DF Land LLC does not employ fifteen or more employees.  In support of this defense, Defendants submit true and correct copies of DF Land's NYS-45 Forms filed with the State of New York during the time of Plaintiff's employment as **Exhibit 1**.

18.    Plaintiff's claims under the New York City Human Rights Law are barred because Plaintiff was never a New York City resident and the impact of the alleged discriminatory and retaliatory actions was not felt within the five boroughs of New York City.

19.    16. At all times relevant to this action, plaintiff did not have a disability within the meaning of the Americans With Disability Act or New York City Human Rights Law.

20.    17. At all times relevant to this action, plaintiff's spouse did not have a disability within the meaning of the Americans With Disability Act or New York City Human Rights Law.

DWT 27343184v1 0103787-000001
DWT 27445187v1 0103787-000001

21.   ~~18.~~——Defendant reasonably accommodated plaintiff's alleged disability to the full extent required by applicable law.

22.   ~~19.~~——If and to the extent that any action taken with respect to plaintiff was motivated by an impermissible consideration, which Defendants expressly deny, Defendants would have taken the same action for nondiscriminatory reasons.

23.   ~~20.~~——The Complaint is barred, in whole or in part, by such additional defenses as Defendants may have that cannot now be articulated due to the generality of portions of Plaintiff's pleadings and the fact that discovery has not been completed.  Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

DWT 27343184v1 0103787-000001
DWT 27445187v1 0103787-000001

**WHEREFORE**, Defendants respectfully request this Court to enter an Order:  (a) dismissing the Complaint in its entirety with prejudice; (b) awarding Defendants their costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as to the Court deems just and proper.

Dated:  New York, New York
~~April 18,~~
~~2014~~

~~VEDDER PRICE~~
~~P.C.~~

July 24, 2015

DAVIS WRIGHT TREMAINE LLP

By: s/ ~~Lyle S. Zuckerman~~      ~~Lyle S. Zuckerman~~
~~Michelle D. Velasquez~~Scott M. Cooper
Scott M. Cooper
1633 Broadway, ~~47~~27th Floor
New York, New York 10019
Tel:  (212) ~~407-7792~~489-8230
Fax:  (212) ~~407-7799~~489-8340

*Attorneys for Defendants*
*DF Land LLC, Glenn Dubin, Eva Dubin, and*
*Brenda Ames*