# EXHIBIT

# C

VEDDER PRICE P.C.
Lyle S. Zuckerman
Scott M. Cooper
1633 Broadway, 47th Floor
New York, New York 10019
(212) 407-7700
*Attorneys for Defendants*
*DF Land LLC, Glenn Dubin, Eva Dubin, and*
*Brenda Ames*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RINALDO RIZZO,<br><br>                      Plaintiff,<br><br>v.<br><br>DF LAND LLC, GLENN DUBIN, *Individually,*<br>EVA DUBIN, *Individually,* and BRENDA AMES,<br>*Individually,*<br>                      Defendants. | **Case No. 13-cv-8664 (AKH)**<br>**ECF CASE**<br><br>**DEFENDANTS' FIRST SET**<br>**OF DOCUMENT REQUESTS** |

      **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rule 26.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York, defendants DF Land LLC, Glenn Dubin, Eva Dubin, and Brenda Ames (referred to collectively as "Defendants"), by its attorneys Vedder Price P.C., hereby requests that the plaintiff Rinaldo Rizzo produce for inspection and copying the documents described below. The documents shall be produced to the attention of Scott M. Cooper at the offices of Vedder Price P.C., 1633 Broadway, 47th Floor, New York, New York 10019, within 30 days after service of these Document Requests. These Document Requests shall be deemed continuing, and the responses are to be seasonably amended or supplemented as provided in Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1.  These Document Requests incorporate by reference and utilize the Definitions Applicable to Discovery Requests as set forth in Local Civil Rule 26.3 for the United States District Courts for the Southern and Eastern Districts of New York.

2.  As used herein, the terms "Plaintiff," "you," or "your" refer to the plaintiff Rinaldo Rizzo, his counsel, and any consultants, experts, investigators, agents, representatives, or other persons acting on his behalf.

3.  As used herein, the term "Defendants" refers to defendants DF Land LLC, Glenn Dubin, Eva Dubin, and Brenda Ames.

4.  As used herein, the term "Complaint" refers to the Complaint in Case No. 13-cv-8664, which was filed by Plaintiff on or about December 6, 2013 in the United States District Court for the Southern District of New York.

5.  As used herein, the term "document" includes, in addition to the definitions provided in Federal Rule of Civil Procedure 34 and Local Civil Rule 26.3, which are expressly incorporated herein, the original or any copies, regardless of origin or location, of any correspondence, email, instant message, text message, book, pamphlet, periodical, newspaper article, letter, calendar, diary entry, memorandum, message, telegram, facsimile transmission, cable, report, transcript, record, study, stenographic or handwritten note, working paper, draft, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint, table, index, picture, voice recording, tape, microfilm, or any other written, typed, printed, recorded, transcribed, punched, typed, filmed, photographed, or graphic matter, however produced or reproduced, to which you have or have had access, and copies or reproductions of any of the above that differ in

any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced, to which you have or have had access. Designated documents are to be taken as also including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents. The enumeration of various specific items as included within the definition of the word "documents" shall not be taken to limit the generality of this word, and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

6.  As used herein, the terms "employed" or "employment" include full-time employment, part-time employment, self-employment, work as an independent contractor, or any other activity intended to generate income for the performance of personal services.

7.  In responding to these Document Requests, all designated documents in Plaintiff's possession, custody or control are to be produced. This includes documents in the possession, custody or control of any attorneys, or any third party or parties to whom Plaintiff has surrendered possession, custody, or control, or who upon Plaintiff's request would surrender possession, custody, or control to Plaintiff.

8.  Each request herein for documents to be produced, whether memoranda, reports, letters, or other documents of any description, contemplates production of the document in its entirety, without abbreviation or expurgation. If any document cannot be produced in full, you are directed to produce it to the fullest extent possible, specifying the reasons for the inability to produce the remainder.

9.  If you cannot produce a document after exercising due diligence to secure it, so state in writing and produce whatever portion of said document possible, specifying your

inability to produce the remainder and stating whatever information or knowledge you have concerning the document you are unable to produce, including, but not limited to, the content or substance of such document. If any such document was, but is no longer, in your possession, custody, or control, state what disposition was made of it and the reason for such disposition.

10. In the event that any document called for by these Document Requests has been lost or destroyed, that document is to be identified in writing as follows: addressor, addressee, indicated or blind copies, date, subject matter, number of pages, attachments, exhibits, or appendices, all persons to whom distributed, shown, or explained, date of loss or destruction, manner of loss or destruction, person who authorized destruction, and person who lost or destroyed the document.

11. If you cannot produce documents in response to a request because no documents have ever existed, so state in writing.

12. These Document Requests shall be deemed continuing, so as to require seasonable supplemental or amended production if you receive or generate additional documents in the designated categories between the time of original production and the time of the hearing.

13. In the event that any document called for by these Document Requests is withheld on the basis of a claim of privilege, that document is to be identified in writing as follows: addressor, addressee, indicated or blind copies, date, subject matter, title (if any), number of pages, attachments, exhibits, or appendices, all persons to whom distributed, shown, or explained, present custodian, and the nature of the privilege asserted.

14. If any document is produced in redacted form, that portion of the document which is redacted should be identified and the response should, with respect to each such redaction, identify the ground(s) for producing the document in redacted form.

15. Without conceding any limitations defenses available to it, or the ultimate relevance of any information sought herein, Defendants request that Plaintiff provide records from January 1, 2011 through the date of the final judgment in this action, unless otherwise stated.

## DOCUMENT REQUESTS

1. All documents concerning, reflecting or providing substantiation or support for your claim that Defendants discriminated against you due to your disability.

2. All documents concerning, reflecting or providing substantiation or support for your claim that Defendants discriminated against you based on your association with your wife.

3. All documents concerning, reflecting or providing substantiation or support for your claim that Defendants failed to pay wages allegedly due and owed for hours worked in excess of forty hours per workweek.

4. All documents that contain your records, notes, descriptions, or thoughts of any kind concerning the subject matter of this lawsuit, the allegations of or injuries set forth in the Complaint, or any aspect of your employment with Defendants, including but not limited to, phone messages, notes or recordings of conversations or discussions.

5. All documents recording, tracking, or otherwise tabulating the number of hours that you allegedly worked for Defendants per week.

6.     All documents concerning any complaints (whether in writing or oral, and whether informal or formal) of discrimination or unfair treatment or inequitable treatment made by you to Defendants before April 5, 2013.

7.     All documents concerning any performance evaluations, awards, commendations, complaints, or criticism that you received from Defendants.

8.     All documents concerning communications you had with Defendants or any of their present or former employees related to the subject matter of the Complaint.

9.     Provide statements in any form obtained from any persons regarding any of the events or happenings that form the subject matter in this action.

10.    All documents made by you reflecting any conversations, discussions, or meetings involving you and any present or former employee or agent of Defendants concerning: (i) any of your complaints regarding Defendants; and/or (ii) your alleged claims and/or damages in this action. This request includes, but is not limited to, tape recordings or notes of any such conversation, discussion or meeting.

11.    All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 27 of the Complaint that "at all times material, Defendants did, and continue to do, substantial business in New York, and engage in commerce or the production of goods for commerce within the meaning of the FLSA."

12.    All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 29 of the Complaint that "Defendants handled more than $500,000 in the past fiscal year."

13. All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 33 of the Complaint that you "performed [your] duties in an exemplary fashion, always received compliments for your work, and were never disciplined for failing to perform your duties."

14. All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 39 of the Complaint that you were "a non-exempt employee."

15. All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 40 of the Complaint that "Defendants wrongfully categorized Plaintiff RIZZO as a 'Manager' for the sole purpose of erroneously and illegally depriving him of earned overtime compensation."

16. All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 41 of the Complaint that "Throughout Plaintiff Rizzo's time with Defendants, Defendants required him to regularly work approximately sixty-five (65) hours per workweek."

17. All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 48 of the Complaint that "While Defendants were always happy with Plaintiff Rizzo's excellent work product and diligent work ethic, upon learning that Plaintiff Rizzo was disabled and was married to a disabled woman, Defendants immediately began to discriminate against him, ultimately resulting in the unlawful termination of his employment."

18. All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 59 of the Complaint that "Defendant AMES suddenly terminated Plaintiff RIZZO's employment 'due to his wife's health.'"

19. All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 60 of the Complaint that "Defendants were thus admitting that they terminated Plaintiff Rizzo's employment at least in part due to his association with his disabled wife, in violation of the ADA, the NYSHRL, and the NYCHRL."

20. All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 65 of the Complaint that "Defendants were also apprehensive about keeping Plaintiff RIZZO as an employee due to the potential medical costs associated with Plaintiff RIZZO's wife's disability and due to potential future doctors' appointments and furture accommodations for his own disability."

21. All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 68 of the Complaint that "Plaintiff RIZZO is a qualified individual who can perform the essential functions of his employment with a reasonable accommodation as defined by §12111(8) of the ADA."

22. All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 71 of the Complaint that "Plaintiff RIZZO's performance was, upon information and belief, above average during the course of his employment with Defendants."

23. All documents concerning, reflecting or providing substantiation or support for your allegation in paragraph 75 of the Complaint that "As a result of the acts and conduct complained of herein, Plaintiff RIZZO has suffered and will continue to suffer the loss of a salary, overtime payments, bonuses, benefits and other compensation which such employment entails, and Plaintiff RIZZO has also suffered future pecuniary losses."

24. All documents concerning any illnesses, disabilities or conditions (mental or physical) from which you suffered at any time from January 1, 2006 to the present date, including without limitation, all medical records, medical bills, prescription records and prescription receipts, and all records of hospitalization.

25. All documents concerning any anxiety, embarrassment, humiliation, pain and emotional distress, bodily injury, physical pain, physical illness, disability, mental anguish, loss of enjoyment of life, medical expenses, hospitalization expenses, loss of earnings and loss of ability to earn money, and other losses you have allegedly experienced in connection with your employment with Defendant.

26. All documents concerning or providing substantiation or support for each and every element of damages claimed by you in this action, including but not limited to bills (whether paid or unpaid), calculations, worksheets, correspondence, notes, memoranda, reports, statements or records of physicians, psychiatrists, counselors, therapists, social workers, or other health care practitioners.

27. All documents concerning your income or income substitutes, including, but not limited to, W-2 forms, federal and state income tax returns filed by you (including all forms, attachments and schedules thereto), individually or jointly, pay stubs, benefits booklets and other records of compensation for the years 2011 through the present.

28. All appointment books, diaries and calendars used or maintained by you since January 1, 2011.

29. All documents taken, received or otherwise obtained from Defendants in any manner (including, without limitation, any of your work-related papers).

30. All documents concerning any search for employment you made since January 1, 2013, including, but not limited to, all past and current resumes, recommendations, degrees, diplomas, licenses, certificates, transcripts, awards, evaluations, and other documents concerning your experience, education, achievements, ability or qualifications, including, but not limited to, cover letters, communications to and from prospective employers, recruiters, employment agencies or business or professional contacts.

31. All documents identified in your response to Defendant's First Set of Interrogatories.

Dated: New York, New York.
August 25, 2014

**VEDDER PRICE P.C.**

By: /s/
Lyle S. Zuckerman
Scott M. Cooper
1633 Broadway, 47th Floor
New York, New York 10019
Phone: (212) 407-7700
Fax: (212) 407-7799

*Attorneys for Defendants*
*DF Land LLC, Glenn Dubin, Eva Dubin, and Brenda Ames*