F8SPRIZC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

RINALDO RIZZO,

          Plaintiff,

     v.                              13 CV 8664 (AKH)

DF LAND, LLC, ET AL.,

          Defendants.

------------------------------x
                              New York, N.Y.
                              August 28, 2015
                              10:38 a.m.

Before:

             HON. ALVIN K. HELLERSTEIN,

                             District Judge

                APPEARANCES

PHILLIPS & ASSOCIATES
    Attorneys for Plaintiff
BY:  JESSE ROSE, ESQ.


DAVIS, WRIGHT, TREMAINE, LLP
    Attorneys for Defendants
BY:  ROY P. SALINS, ESQ.
    SCOTT COOPER, ESQ.

1              (In open court)

2              (Case called)

3              THE COURT:  At a regularly scheduled status

4    conference, the parties, through their counsel, advised me that

5    the case had settled.  The amount is to remain confidential,

6    but has been told to me.  The balance will be on the public

7    docket.

8              So this is a case where plaintiff sued because of

9    disabilities and because of underpayment of overtime under the

10   Fair Labor Standards Act and New York State Labor Law.  The

11   Court has jurisdiction of the parties.

12             The plaintiff alleges that the defendants are jointly

13   liable for violations of both of the laws, that is, under the

14   Disabilities Act and under the New York and Federal Labor

15   Standards Act.

16             Why, Mr. Rose, do you believe that the settlement is

17   fair and adequate?

18             MR. ROSE:  There are a number of disputed facts

19   involved in this, including several exemptions asserted by the

20   defendants for which there are questions of fact.

21   Ultimately --

22             THE COURT:  What percentage of the economic damages

23   does the settlement constitute, approximately?

24             MR. ROSE:  Including his lost wages, it's

25   approximately 50 percent, if you don't include punitive or

1    liquidated damages.  Of his entire lost -- after attorneys'
2    fees and costs that he'll actually receive.
3              THE COURT:  Mr. Salins, in your judgment, what
4    proportion of the maximum recovery, economic recovery, does the
5    settlement constitute?
6              MR. SALINS:  Oh, I agree with Mr. Rose.  I think that
7    the settlement --
8              THE COURT:  It's about 50 percent, sir?
9              MR. SALINS:  Yes.
10             THE COURT:  So tell me about the exemptions.  Why are
11   the exceptions particularly potent, in your opinion?  This is
12   Mr. Rose, speaking.
13             MR. ROSE:  There are two exemptions at play.  One, I
14   think the stronger argument would be to say that he was a
15   household employee under the New York Labor Law.  There's an
16   exemption --
17             THE COURT:  The contention is that he was the manager,
18   he was set up by the defendant as a manager, managing various
19   kinds of real estate investments and, in fact, you say he did
20   not manage at all --
21             MR. ROSE:  That's right.
22             THE COURT:  -- but he was, in effect, a maintenance
23   employee?
24             MR. ROSE:  Yes.
25             THE COURT:  So it sets up a sharp issue of fact,

F8SPRIZC

1  whether he was exempt as a supervisory professional employee
2  or, as the plaintiff maintains, a maintenance person.
3              To avoid risk and provide a certainty of return, and
4  after intensive bargaining and non-inclusive agreements, both
5  sides think the settlement is fair and adequate; is that right?
6              MR. SALINS:  That's correct, your Honor.  This is
7  Mr. Salins.
8              THE COURT:  I agree.  So this case is settled.  The
9  attorneys having full responsibility and authority from their
10 respective parties.  They've each communicated this morning
11 with their respective clients and received approval of the
12 settlement.
13             After hearing the parties, I find that it is fair and
14 reasonable and adequate.
15             All open issues are terminated, and the case is
16 dismissed with prejudice and without costs.
17             Is there anything that needs to be done?
18             MR. SALINS:  We'll be preparing a written formal
19 settlement document for the other side, and we'll negotiate
20 that and put it together.  Then we'll file a stipulation of
21 withdrawal -- a stipulation of dismissal with prejudice --
22             THE COURT:  And without costs.
23             MR. SALINS:  -- within the next week or so, without
24 costs, correct, your Honor.
25             THE COURT:  Okay.  So, save for the filing of any

F8SPRIZC

1  settlement documents, this case is closed.  Thanks very much.
2            MR. SALINS:  Thank you, your Honor.
3            MR. ROSE:  Thank you, your Honor.
4            (Pause)
5            THE COURT:  This agreement constitutes the settlement.
6  Although the parties will be drafting a settlement agreement,
7  the settlement, by reason of the stipulation expressed on the
8  record, and my finding is conclusive.  Okay.
9            MR. SALINS:  Thank you very much, your Honor.
10            MR. ROSE:  Thank you.
11            THE COURT:  This case is done.
12            (Adjourned)
13
14
15
16
17
18
19
20
21
22
23
24
25